

FILED
IN OPEN COURT

MAY — 4 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CR-100 |
| | ) | |
| FELICIA LYN DONALD, | ) | Hon. Leonie M. Brinkema |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia; Raj

Parekh and Monika Moore, Assistant United States Attorneys; the defendant, FELICIA LYN

DONALD; and the defendant's counsel, Sean A. Sherlock and David J. Dischley, have entered

into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  The terms of

the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to waive indictment and plead guilty to a two-count Criminal

Information ("Information").  Count One charges the defendant with conspiracy to distribute and

dispense, and to cause to be distributed and dispensed, Schedule II controlled substances,

including oxycodone, hydrocodone, methadone, and morphine sulfate, outside the usual course

of professional practice and without a legitimate medical purpose, in violation of Title 21, United

States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.  Count Two charges the defendant with

health care fraud, in violation of Title 18, United States Code, Section 1347.

The maximum penalties for Count One are a maximum term of 20 years of

imprisonment, a $1,000,000 fine, full restitution, forfeiture of assets as outlined below, special

assessments pursuant to 18 U.S.C. § 3013 and 3014, and a supervised release term of at least

three years.  The maximum penalties for Count Two are a maximum term of 10 years of

imprisonment, a $250,000 fine, full restitution, forfeiture of assets as outlined below, special

assessments pursuant to 18 U.S.C. § 3013 and 3014, and a supervised release term of three years.

The defendant understands that any supervised release term is in addition to any prison term the

defendant may receive, and that a violation of a term of supervised release could result in the

defendant being returned to prison for the full term of supervised release.

2.       **Detention Pending Sentencing**

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and

3145(c).  These provisions provide that a judicial officer shall order that a person who has been

found guilty of an offense of this kind (*i.e.*, Count One of the Information) be detained unless

there are statutory justifications why such person's detention would not be appropriate.  In this

case, the government agrees that it will not seek detention prior to the sentencing hearing unless

the defendant commits any misconduct after entering into this plea agreement, including but not

limited to committing a state or federal offense, violating any term of release, or making false

statements or misrepresentations to any governmental entity or official.  **The defendant**

**understands and agrees that the Court is not bound by the parties' recommendation, and**

**as such, the Court may independently order the defendant to be detained upon acceptance**

**of her guilty plea.**

### 3.    Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged

offenses.  The defendant admits the facts set forth in the Statement of Facts filed with this plea

agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable

doubt.  The Statement of Facts, which is hereby incorporated into this plea agreement,

constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

### 4.    Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorneys have rendered effective

assistance.  The defendant understands that by entering into this agreement, defendant surrenders

certain rights as provided in this agreement.  The defendant understands that the rights of

criminal defendants include the following:

      a.    the right to plead not guilty and to persist in that plea;

      b.    the right to a jury trial;

      c.    the right to be represented by counsel – and if necessary have the court

            appoint counsel – at trial and at every other stage of the proceedings; and

      d.    the right at trial to confront and cross-examine adverse witnesses, to be

            protected from compelled self-incrimination, to testify and present

            evidence, and to compel the attendance of witnesses.

### 5.    Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any

sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a).  The defendant understands

that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

Pursuant to Section 2D1.1(a)(5) of the Sentencing Guidelines, the Base Offense Level for Count One (conspiracy to distribute Schedule II controlled substances) is determined by the Drug Quantity Table.

**Pursuant to Section 2D1.1(c) of the Sentencing Guidelines, relating to Drug Quantity, the defendant was personally involved in the distribution of, or it was reasonably foreseeable to the defendant that her co-conspirators distributed in furtherance of the conspiracy, at least 1,000 KG but than 3,000 KG of Converted Drug Weight, which corresponds to a Base Offense Level of 30 for Count One.**

**Pursuant to Section 2B.1.1(b)(1) of the Sentencing Guidelines, the parties agree that the loss attributable to the defendant as it relates to Count Two did not exceed $15,000.**

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to Section 3E1.1(a) of the Sentencing Guidelines and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

Any stipulation on a Guideline provision does not limit the parties' arguments as to 18 U.S.C. § 3553(a). The parties understand that these stipulations are not binding on the Probation Office or the Court. The parties have no agreement as to the applicability or inapplicability of any other sections of the Sentencing Guidelines.

**The parties are permitted to argue for or against the application of any other sections of the Sentencing Guidelines, including (but not limited to) the following enhancements: Section 2D1.1(b)(12)** (the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance); **Section 2D1.1(b)(16)(B)** (the defendant, knowing that an individual was . . . (iii) pregnant, or (iv) unusually vulnerable due to physical or mental condition or otherwise particularly susceptible to the criminal conduct, distributed a controlled substance to that individual or involved that individual in the offense); **Section 2D1.1(b)(16)(E)** (the defendant committed the offense as part of a pattern of criminal conduct engaged in as a livelihood); **Section 3B1.1(a)** (the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive); and **Section**

**3B1.3** (the defendant abused a position of public or private trust, or used a special skill, in a

manner that significantly facilitated the commission or concealment of the offense).

6.      **Defendant's Practice of Medicine**

**The defendant agrees that she will not practice medicine and/or own or operate a**

**medical practice or medical clinic while imprisoned and while on supervised release.  The**

**defendant also agrees that she will not hold or seek a medical license in any jurisdiction**

**while imprisoned and while on supervised release.  The defendant also agrees to surrender**

**her Commonwealth of Virginia medical license upon acceptance of this plea agreement.**

**The defendant further agrees to surrender her Drug Enforcement Administration**

**registration upon acceptance of this plea agreement. .**

7.      **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to

appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal

the conviction and any sentence within the statutory maximum described above (or the manner in

which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any

ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on

direct appeal, in exchange for the concessions made by the United States in this plea agreement.

This agreement does not affect the rights or obligations of the United States as set forth in 18

U.S.C. § 3742(b).  The defendant also hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act, 5 U.S.C. § 552a.

### 8.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special

assessment of $100 per count of conviction.

### 9.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever

monetary penalties are imposed by the Court will be due immediately and subject to immediate

enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days

of a request, the defendant agrees to provide all of the defendant's financial information to the

United States and the Probation Office and, if requested, to participate in a pre-sentencing

debtor's examination and/or complete a financial statement under penalty of perjury. If the

Court imposes a schedule of payments, the defendant understands that the schedule of payments

is merely a minimum schedule of payments and not the only method, nor a limitation on the

methods, available to the United States to enforce the judgment. Until restitution is paid in full,

the defendant will be referred to the Treasury Offset Program so that any federal payment or

transfer of returned property to the defendant will be offset and applied to pay the defendant's

unpaid restitution. If the defendant is incarcerated, the defendant agrees to voluntarily

participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of

whether the Court specifically directs participation or imposes a schedule of payments.

### 10.    Restitution

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A.

Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses.

Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, Statement of Facts or any related or similar conduct shall be entitled to restitution (including Medicaid). The victims and the precise amount of restitution (which did not exceed $15,000) will be determined by the Court at sentencing.

**11.     Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Information or Statement of Facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Information as an offense. In such a prosecution the United States may allege and prove conduct described in the Information or Statement of Facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

**12.     Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any drug-related, fraud-related, and/or unlawful prescribing-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the following: (1) property that constitutes the proceeds of the offenses; and (2) property facilitating the offenses. **The assets subject to forfeiture include: (1) a monetary judgment in the amount of not less than $70,800, representing the minimum amount of proceeds the defendant obtained as a result of her involvement in the offenses to which the defendant is pleading guilty in this case; (2) the**

8

defendant's **Commonwealth of Virginia medical license (# 0101040782); and (3) the**

**defendant's Drug Enforcement Administration registration (# BD0453162).** The defendant

understands that if the proceeds of the offenses are not available to the United States to be

forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds.

*United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant acknowledges that as a

result of defendant's acts or omissions, the actual proceeds the defendant obtained as a result of

the offenses ($23,800) may not be available, and the defendant therefore stipulates that one or

more of the factors listed at 21 U.S.C. § 853(p)(1) are present in this case.

The defendant further agrees to waive all interest in the assets in any administrative or

judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to

consent to the entry of orders of forfeiture for such property and waives the requirements of

Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the

charging instrument, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment. Defendant admits and agrees that the conduct described in the

charging instrument (the Information) and Statement of Facts provides a sufficient factual and

statutory basis for the forfeiture of the property sought by the government.

### 13.    Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to

forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the

forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by

the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is

accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by

9

the United States to pass clear title to forfeitable assets to the United States, and to testify

truthfully in any judicial forfeiture proceeding.  The defendant understands and agrees that all

property covered by this agreement is subject to forfeiture as proceeds of illegal conduct,

property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture,

and substitute assets for property otherwise subject to forfeiture.

14.     **The Defendant's Obligations Regarding Assets Subject to Forfeiture**

Upon request by the government, the defendant agrees to identify all assets in which the

defendant had any interest or over which the defendant exercises or exercised control, directly or

indirectly, within the past three years.  The defendant agrees to take all steps as requested by the

United States to obtain from any other parties by any lawful means any records of assets owned

at any time by the defendant.  The defendant agrees to undergo any polygraph examination the

United States may choose to administer concerning such assets and to provide and/or consent to

the release of the defendant's tax returns for the previous five years.

15.     **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorneys, and

an attorney for the United States.  The defendant agrees to entry of this plea agreement at the

date and time scheduled with the Court by the United States (in consultation with the defendant's

attorneys).  If the defendant withdraws from this agreement, or commits or attempts to commit

any additional federal, state or local crimes, or otherwise violates any provision of this

agreement, then:

> a.      The United States will be released from its obligations under this
>
> agreement.  The defendant, however, may not withdraw the guilty plea
>
> entered pursuant to this agreement;

10

b.    The defendant will be subject to prosecution for any federal criminal

violation that is not time-barred by the applicable statute of limitations on

the date this agreement is signed.  Notwithstanding the subsequent

expiration of the statute of limitations, in any such prosecution, the

defendant agrees to waive any statute-of-limitations defense; and

c.    Any prosecution, including the prosecution that is the subject of this

agreement, may be premised upon any and all statements made by the

defendant, and leads derived therefrom may be used against the defendant.

The defendant waives any right to claim that statements made before or

after the date of this agreement, including the Statement of Facts

accompanying this agreement or adopted by the defendant and any other

statements made pursuant to this or any other agreement with the United

States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R.

Crim. P. 11(f), the Sentencing Guidelines or any other provision of the

Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in

an appropriate proceeding at which the defendant's disclosures and documentary evidence shall

be admissible and at which the moving party shall be required to establish a breach of the plea

agreement by a preponderance of the evidence.

16.    **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United

States, the defendant, and the defendant's counsel.  The defendant and the defendant's attorneys

acknowledge that no threats, promises, or representations have been made, nor agreements

11

reached, other than those set forth in writing in this plea agreement, to cause the defendant to

plead guilty.  Any modification of this plea agreement shall be valid only as set forth in writing

in a supplemental or revised plea agreement signed by all parties.


Respectfully submitted,

G. Zachary Terwilliger
United States Attorney


By: _____

Raj Parekh
Monika Moore
Assistant United States Attorneys


12

<u>Defendant's Signature</u>:  I hereby agree that I have consulted with my attorneys and fully understand all rights with respect to the pending Criminal Information.  Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorneys.  I understand this agreement and voluntarily agree to it.

Date: 5/4/20

FELICIA LYN DONALD
Defendant


Defense Counsel Signatures: We, Sean A. Sherlock and David J. Dischley, are counsel for the defendant (FELICIA LYN DONALD) in this case.  We have fully explained to the defendant the defendant's rights with respect to the pending Criminal Information.  Further, we have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and we have fully explained to the defendant the provisions that may apply in this case.  We have carefully reviewed every part of this plea agreement with the defendant.  To our knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 5/4/20

Sean A. Sherlock, Esq.
David J. Dischley, Esq.
Counsel for the Defendant

13